UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| | ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| This document relates to: *Miller v. United Research Laboratories, Inc.*, C04-86 | |

This matter comes before the court on a motion for summary judgment filed by defendants Carnrick Laboratories, Inc. and Elan Pharmaceuticals, Inc. ("defendants"). Having considered the briefs filed in support of and opposition to this motion, the court finds and rules as follows.

I. BACKGROUND

Plaintiff Darwin Miller alleges that on January 20, 2001, his wife Rondalynn Laird-Miller suffered a hemorraghic stroke as a result of having ingested PPA-containing products, including the cough and cold medication Propagest. She died several days after being admitted to the hospital. Defendants Carnrick and Elan were named as manufacturers of the drug Propagest.

Plaintiff filed suit in Montana federal court; this matter was subsequently transferred to this MDL. Defendants now move for

ORDER
Page - 1 -

summary judgment based on this court's *Daubert* ruling, in which the court established that evidence of ingestion within 72 hours of stroke is an essential element of a plaintiff's claim. *See* June 18, 2003 Order Granting in Part and Denying in Part MDL Defendants' Motion to Preclude Plaintiffs' Expert Opinions as to General Causation.

Defendants submit that plaintiff's witness affidavits and testimony establish, at most, a "possibility" that Laird-Miller took Propagest in the three days preceding her stroke. For example, the evidence shows that Laird-Miller suffered from allergies and often had difficulty breathing, and that she had a routine of taking pills she thought would help her. *See* Darwin Miller Dep., Exh. 12 to Winchester Decl., pp. 108-09. Specifically, Miller testified that his wife's "routine was opening – taking, you know, throughout the day, various times she would take whatever pill she decided that she needed at the moment to help her breathe. And I am just assuming, because of this routine that she had, that she did that day." *Id.* In particular, after Laird-Miller's death, Propagest, Robitussin CF and a generic prescription medication containing PPA were all found in her medicine cabinet. *Id.*, p. 246. The 100-count bottle of Propagest, which was one of two bottles her daughter mailed to her in the summer of 1999 or 2000, was half empty. Osman Dep., 22:1-23:11; Exh. D to Plaintiff's Brief. The pillbox that Laird-Miller carried with her, which was in her possession when she was admitted to the hospital, contained six compartments: five

contained non-PPA medication and one was empty. Although Miller does not remember seeing any specific pills in the box at the time in question, he recalls seeing the "football-shaped" Propagest in the pillbox at other times. Miller Dep., 42:10-43:24; 75:15-76:5. Miller has further speculated that his wife generally took the recommended dosage of her medications, though he had no personal knowledge of the amount, if any, she took in the days preceding her stroke. *Id.*, pp. 259-60. Miller does not specifically recall his wife having any congestion problems that day, but testified that Laird-Miller had a "continuous level" of congestion for as long as he'd known her. *Id.*, pp. 146-47.

II. DISCUSSION

A.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 323.

B.  <u>Whether Defendants Are Entitled To Summary Judgment In This Matter</u>

Defendants argue that plaintiff has submitted no evidence

ORDER
Page - 3 -

that would establish that plaintiff's late wife ingested Propagest (or any other PPA-containing medicine) within 72 hours of her stroke, an essential element of his claim.

While plaintiff concedes that he has no direct evidence of Propagest ingestion, he argues that he has nevertheless submitted circumstantial evidence from which a reasonable jury could infer that Laird-Miller ingested Propagest within 72 hours of her stroke.[1] Plaintiff cites evidence that his wife had Propagest in her possession at the time of her stroke, and had a habit of ingesting PPA-containing and other medication to help her breathe. He further submits that the evidence supports a finding that sometime between the summer of 2000 and January 2001, Laird-Miller ingested approximately 155 Propagest pills, increasing the probability that she ingested the drug within the three days before her stroke. He also notes that the empty compartment in

---

[1] Plaintiff argues that under Montana law, he must be allowed to put his circumstantial evidence before the jury. The case plaintiff cites, *Brandenburger v. Toyota Motor Sales, U.S.A., Inc.*, applied the theory of strict liability for the first time in Montana products liability cases. 513 P.2d 268 (Mont. 1973). In *Brandenburger*, the Montana Supreme Court reasoned that "[t]he nature and quality of evidence used in products liability cases to show the defect and the nexus between the defect and the accident naturally varies," and went on to hold that circumstantial evidence could be considered probative in cases in which a product was destroyed, and in which a plaintiff was unable to testify. *Id.* at 268. By its own plain language, however, the case applies only to evidence relating to the alleged *defect* of a product and to that defect's *nexus* to the plaintiff's injury. Plaintiff makes no case for extending the holding of *Brandenburger* to include product identification or the fact of a plaintiff's use of a product, at issue here.

ORDER
Page - 4 -

the pill container could have held Propagest, as he had noticed the football-shaped pills in the container in the past. Given this evidence and the fact of Laird-Miller's stroke, plaintiff argues, summary judgment is inappropriate.

The court acknowledges that plaintiff has presented no direct evidence of timely ingestion, and that plaintiff may not ultimately succeed in convincing a jury of his case. Taking as true all of plaintiff's alleged facts, however, and drawing all reasonable inferences therefrom, the court finds that a reasonable jury could well conclude that Laird-Miller ingested the drug in the three-day period preceding her stroke. Summary judgment is therefore DENIED.

DATED at Seattle, Washington this 5th day of January, 2006.

*Barbara J Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 5 -