UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| | ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |
| This document relates to: | |
| *Miller v. United Research Laboratories, Inc.*, C04-86 | |

    This matter comes before the court on a motion for reconsideration filed by defendants Carnrick Laboratories, Inc. and Elan Pharmaceuticals, Inc. Defendants ask the court to revisit its denial of their motion for summary judgment.

    A motion for reconsideration will be granted where a party demonstrates new facts or law, or manifest error. Local Rule 7(h). Such motions are disfavored. *Id.* Defendants first argue that the court held that circumstantial evidence was inadmissible in a footnote rejecting plaintiff's attempt to extend the *Brandenburger* holding amounts to a decision not to allow circumstantial evidence in support of plaintiff's claims. *Brandenburger* held that circumstantial evidence may be used to show that a product contained a defect, and that the defect was related to a plaintiff's injury. The evidence at issue here related to neither

ORDER
Page – 1 –

of those elements, but to product identification, and the court found the case inapplicable. Defendants' leap of logic – that a refusal in dictum to extend *Brandenburger*'s holding is the same as a rejection of circumstantial evidence – misconstrues the court's language. The court found that plaintiff had failed to put forth an argument for an extension of *Brandenburger*. The court did not find that circumstantial evidence was inadmissible. Indeed, the very holding of the court's order is obviously based on the principle that parties may offer and rely upon circumstantial evidence, even (or especially) where direct evidence is minimal or nonexistent. Defendants were and are unable to argue otherwise. Defendants' bald assertion that "the court's clear ruling is that circumstantial evidence cannot be considered" is simply not compatible with the court's holding or the law.

Defendants next argue that the court applied an incorrect standard to their motion for summary judgment. According to defendants, the court relied on a Fed. R. Civ. P. 12(b)(6) motion-to-dismiss standard, despite the paragraph in Section II.A. elaborating on the summary judgment standard used. Defendants base their position, apparently, on the court's use of "alleged" in the following sentence, taken from the order: "Taking as true all of plaintiff's alleged facts, however, and drawing all reasonable inferences therefrom, the court finds that a reasonable jury could well conclude that Laird-Miller ingested the drug in the three-day period preceding her stroke. Summary Judgment is therefore denied." Order at 5.

1    Apparently defense counsel interprets the court's use of
2 "alleged" as a synonym for "unprovable" or "unsupported." On the
3 contrary, facts alleged in the pleadings, depositions, answers to
4 interrogatories, admissions, and affidavits are precisely the
5 kind of evidence upon which a court is to rely in determining the
6 merits of motion for summary judgment. This is the standard on
7 which the court relied.

8    Defendants next argue that the court relied on an erroneous
9 finding. It is true that the court found that plaintiff's six-
10 compartment pill container held five non-PPA medications and one
11 empty compartment, when the undisputed facts showed that the
12 container held four non-PPA pills, one empty compartment and one
13 compartment containing non-Propagest PPA medication. The distinc-
14 tion between the two scenarios goes to the strength of plain-
15 tiff's proof to a jury, however, and is immaterial to the court's
16 holding that the sum of evidence creates a genuine issue of
17 material fact.

18   Finally, the defendants argue that the court relied on
19 speculation and circumstantial evidence in finding genuine issues
20 of material fact. The argument is simply a rehashing of arguments
21 made in the original briefs. Because the court did not hold, as
22 discussed above, that circumstantial evidence was inadmissible,
23 reliance on circumstantial evidence at summary judgment is not
24 misplaced. Defendants' fourth grounds for reconsideration is also
25 rejected, and defendants' motion for reconsideration is DENIED.
26   DATED at Seattle, Washington this 27th day of February,

ORDER
Page - 3 -

1  2006.

*Barbara J Rothstein*

BARBARA JACOBS ROTHSTEIN

UNITED STATES DISTRICT JUDGE

ORDER
Page - 4 -